# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-11-00311-CV

**Dennis Stein and Kay Stein, Appellants**

**v.**

**Bridgepoint Property Owners Association, Inc., Appellee**

#### FROM THE DISTRICT COURT OF LLANO COUNTY, 424TH JUDICIAL DISTRICT
#### NO. 16958, HONORABLE DANIEL H. MILLS, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Dennis Stein and Kay Stein bring this accelerated appeal from the trial court's interlocutory order granting in part Bridgepoint Property Owners Association, Inc.'s ("the POA") motion for summary judgment in its suit to enforce certain deed restrictions. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d) (West Supp. 2011) (permitting court to issue order for interlocutory appeal if parties agree that order involves controlling question of law and immediate appeal may materially advance termination of litigation). We will reverse and remand.

### FACTUAL AND PROCEDURAL BACKGROUND

In 1997 the Steins acquired lots 4 and 5 in the Bridgepoint subdivision in Kingsland, Texas. Their property is subject to the POA Restrictions and Covenants ("the Deed Restrictions"), which provide that all owners of property in the Bridgepoint subdivision are members of the POA. In February 2008 the Steins started a project the parties describe as a "back cove cleanout" that

involved building a retaining wall and a boat dock on their property ("the Project"). Construction

on the Project continued from February 2008 until December 2009 (according to the Steins) or a few

months later (according to the POA).

The POA asserts that it amended the Deed Restrictions on April 1, 2009.[1] The

amended Deed Restrictions contain the following pertinent provisions:

2.2     Improvement Standards

. . . .

    (c)     Moorings, Piers, Retaining Walls or Docks

        (1)     The construction of all such structures must be completed within four (4) months from the date the construction begins.

. . . .

2.3     Land Use—General

. . . .

    (f)     Storage of Tools, Building Materials and Trash

. . . .

        (2)     The storage of tools, landscaping instruments, household effects, machinery or machinery parts, trailers, empty or filled containers, boxes or bags, trash, materials, or other items that shall, in the opinion of the Board, in appearance detract from the aesthetic value of the property and the Subdivision, shall be so placed and stored to be concealed from view of all public rights of way and the owners of other lots or land.

---

[1] We will refer to these asserted Deed Restrictions as "the amended Deed Restrictions."

A year later, in April 2010, the POA sued the Steins for breach of the amended Deed Restrictions alleging that they (1) failed to obtain approval of their construction plans from the POA's architectural control committee, (2) failed to complete construction within the four-month time frame set forth in section 2.2(c)(1) of the amended Deed Restrictions, (3) damaged community property during construction, and (4) stored tools, trash, and other items in a manner that detracted from the aesthetic values of the property and the subdivision in contravention of the amended Deed Restrictions. The POA also sought a declaration that the Steins had violated the amended Deed Restrictions in the same four ways. The POA then moved for partial summary judgment, requesting that the court declare that the Steins were in violation of the amended Deed Restrictions and were liable to the POA for the penalties provided therein. The Steins filed a response in which they argued that the four-month time frame for completing construction did not apply to the Project because it was commenced before the amended Deed Restrictions were adopted and because the amended Deed Restrictions could not operate retroactively. They also contended that they were not given proper notice of any violations related to trash or weeds on their property and disputed that their property was in a state of disrepair.

The trial court granted the motion for summary judgment in part, ruling that the POA proved that the Steins violated section 2.2(c)(1) of the amended Deed Restrictions by failing to complete the Project within four months of April 1, 2009, the date the POA claimed that the amended Deed Restrictions were adopted. The court assessed penalties of $12,600—$600 for the month of August 2009 and $3,000 a month for each month from September through December 2009—and ordered the Steins to pay that amount to the POA, along with $1,500 in attorney's fees.

3

The court denied the motion for summary judgment in part, finding that there were fact issues concerning the storage of tools, building materials, and trash. The parties then filed an agreed order requesting the trial court to enter an order allowing an interlocutory appeal from its summary judgment order pursuant to section 51.014(d) of the civil practice and remedies code. *Id.* The trial court signed an order permitting the interlocutory appeal and stayed its proceedings pending the outcome of the appeal. The Steins then perfected this appeal.

## DISCUSSION

In four issues, the Steins challenge the trial court's order on the grounds that (1) the amended Deed Restrictions were not valid and effective, (2) the specific provisions of the amended Deed Restrictions that include the four-month completion requirement and an increased penalty for violation of that provision were not duly enacted, and even if valid, would not apply retroactively to construction already in progress, (3) there was no basis for an award of attorney's fees, and (4) fact issues precluded summary judgment.

We review the trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). Summary judgment is proper when there are no disputed issues of material fact and the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). As the plaintiff moving for summary judgment, the POA had the burden of establishing that no material fact issue existed and that it was entitled to judgment as a matter of law. *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222 (Tex. 1999). The nonmovant has no burden to respond to a summary judgment motion unless the movant conclusively proves each element of its cause of

4

action. *Id.* at 223. When reviewing a summary judgment, we assume that all evidence favorable to the nonmovant is true and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Ernst & Young, L.L.P. v. Pacific Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001).

The Steins contend that the trial court erred by granting the POA's motion for summary judgment because the POA did not conclusively establish the validity of the amended Deed Restrictions and therefore was not entitled to judgment in its favor as a matter of law. We agree. The version of the deed restrictions that preceded the amended Deed Restrictions, a copy of which was attached as exhibit C to the POA's motion, provided that they could be "altered, amended or canceled by the affirmative vote of at least two-thirds (2/3) of the Members of the Board [of Directors of the POA]." The amended Deed Restrictions, attached as exhibit A to the POA's motion, simply state:

> We, the undersigned officers of the Bridgepoint Property Owners Association, Inc., hereby affirm that these Restrictions and Covenants of the Bridgepoint Property Owners Association, Inc. were adopted at a duly-called meeting of the Board of Directors.

This statement is not conclusive proof that the amended Deed Restrictions had the affirmative vote of at least two-thirds of the members of the Board of Directors. The POA filed no additional summary judgment evidence in that regard. The POA did not, therefore, conclusively establish that the amended Deed Restrictions were valid and enforceable. Accordingly, the POA failed to meet

5

its burden of proving that it was entitled to judgment as a matter of law, and the trial court erred in granting summary judgment. We sustain the Steins' first appellate issue.[2]

## CONCLUSION

Because the POA failed to meet its summary-judgment burden regarding the validity of the amended Deed Restrictions, it was not entitled to judgment as a matter of law. We reverse the trial court's order granting partial summary judgment against the Steins and remand the cause to the trial court for further proceedings.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Henson

Reversed and Remanded

Filed: March 22, 2012

---

[2] Even if the POA had conclusively proven the validity of the amended Deed Restrictions, we question whether the provision they rely on, section 2.2(c)(1), could properly apply to the Steins' Project. The parties have not directed us to, nor have we found, any Texas cases addressing whether a deed restriction provision that purports to limit the amount of time a party has to complete a construction project can legally be applied to a project that was commenced before the provision containing the time limit was enacted. Because the Steins did not plead or raise estoppel or related issues, either in the trial court or in this Court, we need not address such issues here.